IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LOCKE,

    Plaintiff,

  v.

JULIE SETZER, JAKE CHATTERS, EDWARD POLLARD and DENNIS JONES,

    Defendants.

No. 2:08-cv-00737-JAM-GGH

<u>ORDER STAYING ACTION AND</u>
<u>DENYING MOTION TO DISMISS</u>

Plaintiff James Locke ("Locke") brought this action against Defendants Julie Setzer, Jake Chatters, Edward Pollard, and Dennis Jones for violations of his civil rights stemming from his termination from employment at Sacramento Superior Court. Defendants filed this Motion to Dismiss Under Rule 12(b), or Alternatively, Stay Action. Locke opposes the motion. For the

reasons stated below, Defendants' Motion is GRANTED IN PART and DENIED IN PART[1].

FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

James Locke was hired by the Sacramento Superior Court Probate Unit as a temporary court investigator in May 2001. Compl. ¶ 11. Locke was subsequently promoted to permanent court investigator, Probate Supervisor, Probate Coordinator, and finally Probate Manager. Id. ¶¶ 12, 14, 15. On May 7, 2007, Locke's employment was terminated Id. ¶ 27. Locke was not provided with a post-termination hearing. Id. ¶ 28.

Locke filed a complaint in state court on April 4, 2008 alleging wrongful termination and denial of due process rights under the statutes and constitution of the State of California. Subsequently, Locke filed a complaint in federal court on April 7, 2008. In his federal complaint, Locke alleges that he was entitled to a post-termination hearing under California Government Code § 71653. He further alleges that because he was denied a post-termination hearing, he was denied his right to procedural due process in violation of 42 U.S.C. § 1983. Defendants counter that because Locke was a management-level employee, he was not entitled to a post-termination hearing

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

under § 71650, which exempts managerial employees from the court's employment protection system.

OPINION

Rule 12(b) of the Federal Rules of Civil Procedure allows a party to assert certain defenses by motion.  These defenses are: 1. lack of subject-matter jurisdiction, 2. lack of personal jurisdiction, 3. improper venue, 4. insufficient process, 5. insufficient service of process, 6. failure to state a claim upon which relief can be granted, and 7. failure to join a party under Rule 19.

Defendants do not specify the particular defense upon which they base their motion to dismiss.  In their answer to the complaint, Defendants admit that venue and jurisdiction are proper.  Answer ¶¶ 1, 2.  Defendants have not alleged that there was insufficient process, service of process, failure to state a claim upon which relief can be granted, or failure to join a necessary party.  Because Defendants have not raised any specific defense under Rule 12(b), their motion to dismiss must be denied.

Defendants also seek to have this Court stay this action pending resolution of Locke's state court claim under either the Pullman or Colorado River doctrine.  See Railroad Com. of Texas v. Pullman Co., 312 U.S. 496 (1941); see also Colorado River

Water Conservation District v. United States, 424 U.S. 800 (1976).

"Pullman abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy that is properly before it." Porter v. Jones, 319 F.3d 483, 492 (9th Cir. 2003) (internal citation omitted). However, Pullman abstention may be used in the discretion of the trial court when:

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.  (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.  (3) The possibly determinative issue of state law is doubtful.

Smelt v. County of Orange, California, 447 F.3d 673, 679 (9th Cir. 2006).

Locke's claim deals with a sensitive area of social policy. The state has a strong interest in determining the internal employment policies of its own courts.  See Almodovar v. Reiner, 832 F.2d 1138, 1140 (9th Cir. 1987) ("the 'sensitive social policy' prong... recognizes that abstention protects state sovereignty over matters of local concern, out of considerations of federalism, and out of scrupulous regard for the rightful independence of state governments.) (internal citation omitted). Considerations of comity weigh in favor of abstention.

This Court could also avoid adjudicating constitutional issues by abstaining while the state court resolves the state

4

court issues.  Locke's claim turns on whether or not he was a manager under California law.  If Locke is considered a manager under the statute, he would not be entitled to a post-termination hearing.  If Locke was not deprived of an entitlement, the federal court would not have to decide whether he was denied due process under 42 U.S.C. § 1983.  Because the Court could potentially avoid deciding a constitutional question, it is appropriate to stay this matter.

The definition of "managerial" in § 71650 is doubtful.  The California state courts have not provided any indication of what it means to be a manager under § 71650.  Guidance is especially required in this case because Locke, whose title was Probate Manager, whose previous titles were Probate Supervisor and Probate Coordinator, and who describes himself as a "supervisory court employee," alleges that he was not in fact a manager.  Compl. ¶ 20.  Because the state courts should be allowed to determine the meaning of managerial, Pullman abstention is appropriate.

Locke claims that this Court cannot stay his First Amendment claims because they do not depend on resolution of state law issues.  Locke's claim is that in retaliation for the exercise of his First Amendment rights, he was denied a post-termination hearing.  However, if the state court determines

that Locke was not entitled to a hearing in the first place, the Court could avoid addressing the First Amendment issue.

Accordingly, the Court stays this action pending adjudication of the state law issues by the state court. Because the Court has exercised its discretion to abstain under the Pullman doctrine, it need not consider whether it might have done so under the Colorado River doctrine.

ORDER

For the reasons stated above, the Court DENIES Defendants' Motion to Dismiss but GRANTS Defendants' Motion to Stay the Action. The parties shall notify this Court within 14 days of any resolution of, or final judgment or order in the matter involving the parties now pending in Sacramento County Superior Court.

IT IS SO ORDERED.

Dated:  July 8, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE