UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LOCKE,<br><br>               Plaintiff,<br><br>    v.<br><br>JULIE SETZER; JACK CHATTERS;<br>EDWARD POLLARD; DENNIS JONES,<br><br>              Defendants. | 2:08-cv-00737-GEB-GGH<br><br><u>ORDER TO SHOW CAUSE<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE</u> |

         The February 17, 2009 Scheduling Order ("February 17 Order") scheduled a status conference in this case for April 27, 2009, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The February 17, 2009 Order Setting Status (Pretrial Scheduling) Conference further required that a status report be filed regardless of whether a joint report could be procured. (at 2 n.1)  No status report was filed.

         Each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on May 18, 2009, why sanctions should not be imposed against him or her and/or his or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether

1

each party or his or her counsel is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on June 1, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  A joint status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated: April 23, 2009

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2